NORTH CAROLINA ASSOCIATION OF BLACK LAWYERS et al. (NORTH CAROLINA CENTRAL UNIVERSITY), Appellant,

v.

NORTH CAROLINA BOARD OF LAW EXAMINERS et al., Appellees.

No. 75–1257.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 9, 1975.

Decided Feb. 17, 1976.

C. C. Malone, Jr., W. G. Pearson, II, Durham, N. C. (Pearson, Malone, Johnson, Dejarmon & Spaulding, Durham, N. C., on brief), for appellant.

Howard E. Manning, Jr., Howard E. Manning, Sr., Raleigh, N. C. (Manning, Fulton & Skinner, Raleigh, N. C., on brief), for appellee.

Before BOREMAN and BRYAN, Senior Circuit Judges, and FIELD, Circuit Judge.

ALBERT V. BRYAN, Senior Circuit Judge:

Movants were refused a protective order under F.R.Civ.P. 26(c) and 45(b) and (d), forbidding the further discovery of them by the North Carolina State Board of Law Examiners through interrogatories, depositions and subpoenas duces tecum. This appeal follows. We hold the order not appealable.

The underlying action was maintained against the Examiners by the North Carolina Association of Black Lawyers joined by 29 black law graduates who had not gained admission to practice at the State bar because of their failure to pass the annual examination required of all applicants by the Examiners. Laying their difficulty to procedurally unconstitutional racial, but not overt, discrimination and also to arbitrariness and unfairness in the examination, they sue for a declaratory judgment annulling the Examiners' rules of eligibility to stand the tests and the character of the questions asked.[1] It was in these respects that the Examiners, say the plaintiffs, were in default in their duty to use accurate measures of plaintiff-individuals' qualifications. Also prayed was an injunction requiring the Examiners to admit these graduates to the State bar now. Plaintiffs pleaded the case as a class action under F.R.Civ.P. 23 for the benefit of themselves, and for prior and future unsuccessful applicants. In response, the Examiners denied any discrimination or inappropriateness of the tests, asserting that the plaintiffs' misfortune was attributable exclusively to a deficiency of legal education.

Before a class suit was disallowed, or allowed with the class fixed, pursuant to F.R.Civ.P. 23, the plaintiffs are said by the defendants to have pressed intensive and extensive discovery of the Examiners. The motivation of this exploration, defendants allege, was to establish, inter alia, a prima facie case of racial discrimination, and to put the burden on defendants to acquit themselves of the charge. In rebuttal the Examiners also sought discovery. The inquest was directed to the movants-appellants who are not parties to the suit. They were the law school, the Dean and professors, of the North Carolina Central University from which 27 of the 29 plaintiffs had graduated. This was an effort to procure evidence that inadequacy in the plaintiffs' law study and delinquency of their scholastic standing accounted for their bar admission failures, as argued in defense. Testimony of these faculty members was deemed by defendants the best evidence on the subject.

The controversy here is on the protest of the North Carolina Central University and its personnel against subjection to further discovery. Their position is grounded on the claim that the defendants' demands had become an unduly burdensome inquisition. The District Court overruled the motion but, upon a cost bond of $1.00, suspended enforcement of the search pending this appeal of the NCCU.

Our conclusion, to repeat, is that the refusal of the protective ban is not an order appealable under the statutes, 28 U.S.C. §§ 1291 and 1292. It presents only an intermediate procedural question—not a collateral one, resolvable "without any reference to the substance of the action." *Borden Company v. Sylk*, 410 F.2d 843, 846 (3 Cir. 1969). The foremost precedent on the point is *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971). While this case dealt with a criminal prosecution, a like rule holds true in civil litigation; this is taught by *Ryan v. C. I. R.*, 517 F.2d 13, 19 (7 Cir. 1975), cert. denied 423 U.S. 892, 96 S.Ct. 190, 46 L.Ed.2d 124, 44

1. Jurisdiction was premised on the civil rights statutes: 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981, 1982, 1983 and 1988.

L.W. 3228 (Oct. 14, 1975), and *Borden Company v. Sylk,* supra. Now cited to the contrary by the appellant is *Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993 (10 Cir. 1965), cert. denied 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155, but that case fails to reach this one. The right to appeal was accorded there because the ordered discovery might have divulged trade secrets, and this result would have been fatal to the interests of the discovered witnesses, nonparties to the litigation and without other safeguard. See F.R.Civ.P. 26(c)(7).

Appellant's distress is not unappreciated. Not a party to the action, it is unable to make its present point even after the final order in the case. Meanwhile, it must either conform to the ruling of the District Court or else refuse, with the probability of suffering contempt sanctions. To litigate under this threat would be an unenviable exposure.

"It is a well-established principle that the scope and conduct of discovery are within the sound discretion of the trial court." *Borden Company v. Sylk,* supra, 410 F.2d at 845. Offered· without any intention to trespass upon the District Court's province but in the hope of relieving a tense predicament, the following suggestion might be pondered. If a class should be fixed for the action, a reduction of its size could well avoid or lessen the comprehensive discovery of which the appellant has felt aggrieved. Obviously, the same saving would obtain if a class were held not needed or otherwise not demandable. Incidentally, either course would also remove appellant's fear of encroachment upon the sanctity of other students' records. Such encroachment, appellant argues, would go against Public Law 93–380—Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g(b).

In any event the ruling of the District Court now on review will not be unsettled.

Appeal dismissed.