685 P.2d 387

**In the Matter of the Deposition of Roberta T. BARTOW.**

**Roberta T. BARTOW,
Petitioner-Appellee,**

**v.**

**John KERNAN, M.D., William G. McPheron, M.D., and Robert A. Groves, M.D., Respondents-Appellants.**

**No. 7514.**

Court of Appeals of New Mexico.

July 10, 1984.

R.E. Richards, P.A., Hobbs, for respondents-appellants.

Dick A. Blenden, Paine, Blenden, Diamond & Davis, Carlsbad, for petitioner-appellee.

## OPINION

DONNELLY, Chief Judge.

Appellants, John Kernan, M.D., William G. McPheron, M.D., and Robert A. Groves, M.D., appeal from the denial of their motion for protective order. NMSA 1978, Civ. P.R. 26(C)(Repl.Pamp.1980).

Appellee, Roberta T. Bartow, filed a petition pursuant to NMSA 1978, Civ.P.Rule 27 (Repl.Pamp.1980), seeking to perpetuate her testimony and alleging that she is terminally ill with cancer. Appellants opposed the motion and moved to have appellee submit to both a mental and physical examination pursuant to NMSA 1978, Civ. P.Rule 35 (Repl.Pamp.1980).

Following a hearing on the motions, the district court entered an order dated August 30, 1983, granting the motion to perpetuate appellee's testimony by deposition through means of both stenographic and video tape transcription. Appellee's deposition was ordered to be taken on September 9, 1983, at the Lea Regional Hospital, where appellee was hospitalized. The court also ordered that appellee submit to a mental and physical examination "for the purpose of adducing evidence relative to her competence as a witness" prior to the taking of her deposition. The deposition commenced at 2:25 p.m. on September 9, 1983.

After conducting the physical and mental examinations, appellants filed a motion for protective order on September 9, 1983, at 11:00 a.m. The motion for protective order sought to have the district court order a stay in the taking of appellee's deposition until such time as the court first determined the competency of appellee as a witness. Attached to appellants' motion for protective order was the affidavit of Kenneth Nelson, a psychiatrist. Dr. Nelson stated that he had examined appellee on September 7, 1983, and concluded that she was incompetent to testify by deposition. He further stated that appellee was suffering from a mental condition and delusions which would preclude her from "giving a reasonably accurate account of the events and conversations which would be the subject matter at the deposition."

A hearing was held on September 15, 1983, on appellants' motion for protective order. At the hearing, the district court refused to take testimony from the examining doctor as to appellee's competency, and declined to rule on the issue of her competency. The court entered an order denying appellants' motion for protective order on October 14, 1983.

Appellants contend that the trial court erred in denying their motion for protective order and in not ruling on appellee's competency prior to allowing her deposition to be taken for perpetuation of her testimony. See Annot., 148 A.L.R. 1140 (1944); NMSA 1978, Evid.R. 601 (Repl.Pamp.1983); see also In re Renee, 159 Ohio St. 37, 110 N.E.2d 795 (1953). Appellants assert that the issue of whether a trial court must rule on objections to the competency of a deponent prior to permitting a deposition to

perpetuate the testimony of a witness is a matter of first impression in this jurisdiction. However, before we may inquire into the question of whether the trial court erred in refusing to determine the issue of appellee's competency or to grant the protective order sought by appellants, we must first address a threshold question raised by appellee. That question concerns the appealability of the court's denial of the motion for protective order. We find this issue dispositive of the appeal.

*Appealability of Order*

Appellants did not appeal from the order allowing the taking of appellee's deposition for the perpetuation of her testimony. Instead, appellants pursue an appeal from the order denying their motion for protective order.

 As a general rule an order granting or denying a motion for protective order is not a final judgment or decision for purposes of appeal. *See* NMSA 1978, Civ. App.R. 3(a) (Cum.Supp.1983); NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 203 (Repl.Pamp.1983); *see also Securities and Exchange Commission v. Sloan*, 535 F.2d 679 (2d Cir.1976), *cert. denied*, 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977); *North Carolina Association of Black Lawyers v. North Carolina Board of Law Examiners*, 538 F.2d 547 (4th Cir. 1976). Appeals from orders which are interlocutory in nature are subject to allowance only upon compliance with NMSA 1978, Section 39–3–4. *Miller v. City of Albuquerque*, 88 N.M. 324, 540 P.2d 254 (Ct.App.1975). Appeals are permitted from final judgments, interlocutory orders which practically dispose of the merits of actions, and final orders after a judgment which affects substantial rights. NMSA 1978, §§ 39–3–2, 39–3–7.

 Orders granting or denying a motion for protective order, like orders requiring or denying discovery, or orders requiring a party to submit to a physical or mental examination, generally do not constitute a final disposition of the proceedings. Therefore, they are not normally appealable, except upon the granting of an interlocutory appeal. *Donnelly v. Parker*, 486 F.2d 402 (D.C.Cir.1973); 4 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 26.83[3] (2d ed.1983). *See also* NMSA 1978, Civ.P.R. 26, 30, 31, 33 and 35 (Repl.Pamp.1980).

 The order sought to be appealed herein did not comply with the provisions of Section 39–3–4, and did not contain the requisite finding authorizing an interlocutory appeal.

 Appellants did not obtain a hearing on their motion for protective order until more than a month following the taking of appellee's deposition. A motion for protective order does not have the effect of automatically accomplishing what is sought. A party seeking a protective order pursuant to Rule 26(C) must file such motion prior to the date designated for the taking of the deposition; until an order is issued, there is nothing to delay the taking of the deposition. *Wieneke v. Chalmers*, 73 N.M. 8, 385 P.2d 65 (1963).

Appellants' appeal from the order denying the motion for protective order is dismissed.

IT IS SO ORDERED.

HENDLEY and ALARID, JJ., concur.