900 F.2d 251
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. GLAZEBROOK, Plaintiff-Appellant,
v.
Raymond M. MUNCY; Edward W. Murray; William P. Rogers;
James E. Johnson, Defendants-Appellees.
 No. 89-6773.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1990.
Decided March 13, 1990.
Rehearing and Rehearing In Banc Denied March 28, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. James C. Turk, Chief District Judge. (C/A No. 86-119-L).
 William H. Glazebrook, appellant pro se.
 Robert Harkness Herring, Jr., Assistant Attorney General, for appellees.
 W.D.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before K.K. HALL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Virginia inmate William H. Glazebrook appeals the district court's denial of his motion for an order requiring that an independent physical and mental examination be conducted on him for use as evidence in this action. He also appeals the district court's denial of a preliminary injunction prohibiting his transfer during the course of this litigation.
 
 
 2
 We dismiss the appeal insofar as it relates to the district court's refusal to order an examination; that order is interlocutory and nonappealable until after entry of final judgment. See generally North Carolina Association of Black Lawyers v. North Carolina Board of Law Examiners, 538 F.2d 547 (4th Cir.1976).
 
 
 3
 We have jurisdiction to review the district court's denial of a preliminary injunction under 28 U.S.C. Sec. 1292(a)(1), and we affirm. The district court was within its discretion in refusing to interfere with prison transfer policy based on Glazebrook's speculative assumption that his transfer would result in further abuse or would hinder his access to legal materials. In a motion for declaratory judgment filed in this Court, Glazebrook asserts that he was subsequently transferred and his legal materials lost. The motion reveals that Glazebrook has made this same allegation in district court and that the district court has docketed the claim as a separate civil action. That is the proper forum for Glazebrook's claim of interference with his access to the courts.
 
 
 4
 Accordingly, we deny Glazebrook's motion for a declaratory judgment, dismiss his appeal from the district court's order denying an examination, and affirm the district court's order denying a preliminary injunction. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND DISMISSED IN PART