21 F.3d 421
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In re DAL TEX COAL CORPORATION, Appellant.
Joseph CONNORS, Sr.; William Miller; Thomas H. Saggau;
Paul R. Dean; Trustees of the United Mine Workers of
America; 1950 Pension Fund; 1950 Benefit Plan and Trust;
1974 Pension Plan; 1974 Benefit Plan and Trust, Plaintiffs-Appellees,
v.
PAYBRA MINING COMPANY, Incorporated; Ro Fer & Associates,
Incorporated; Jovic Mining Company, Incorporated; Dixon
Hardware & Mine Supply Company, Incorporated; Steam Coal
Sales, Incorporated; Jamm Leasing Company, Incorporated;
Ja Jo Leasing & Realty Company, Incorporated; Stockton
Leasing Company; Ro Jo Service Enterprises, Incorporated;
Jack R. Robertson; Joe C. Ferrell, Defendants.
 No. 92-1858.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 2, 1992.
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CA-90-1061-2).
 ARGUED: Forrest Hansbury Roles, Smith, Heenan & Althen, Charleston, WV, for appellant.
 Kenneth M. Johnson, Associate General Counsel, Office of the General Counsel, UMWA Health & Retirement Funds, Washington, DC, for appellees.
 ON BRIEF: Mark E. Heath, SMITH, HEENAN & ALTHEN, Charleston, WV, for appellant.
 David W. Allen, General Counsel, Howard D. Deiner, Senior Associate Counsel, Office of the General Counsel, UMWA Health & Retirement Funds, Washington, DC; Gary A. Collias, McIntyre & Collias, Charleston, WV, for appellees.
 S.D.W.Va., 807 F.Supp. 1242.
 DISMISSED.
 Before WIDENER, HALL, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dal-Tex Coal Corporation, a non-party to the proceeding below, appeals an order denying its motion to quash a subpoena duces tecum that directed Dal-Tex to submit to certain discovery sought by the plaintiffs. We dismiss the appeal.
 
 I.
 
 2
 The defendant companies are signatories to industry-wide union contracts that obligate the companies to make contributions based in part on the amount of coal mined. Trustees of certain UMWA pension plan funds (the "Funds") sued several coal companies and company officers for unpaid contributions to the Funds. The complaint alleged that defendant Ro-Fer & Associates, Inc., had underpaid its contributions for a six-year period beginning in 1982. Ro-Fer, a signatory to the 1981, 1984, and 1988 Wage Agreements, operated as a contract miner for Dal-Tex during 1982-86. Thus, much of the information necessary to verify Ro-Fer's claimed production of coal was in Dal-Tex's hands. The seed for this appeal was planted when the Funds attempted to obtain records from non-party Dal-Tex through discovery.
 
 
 3
 Dal-Tex handled Ro-Fer's reporting and contribution duties to the Funds. Dal-Tex calculated Ro-Fer's contributions due on a "clean tons" basis, that is, after the "raw coal" delivered by Ro-Fer had been cleaned and processed. The Funds sought to verify that the raw tons produced by Ro-Fer actually resulted in the clean tons reported by Dal-Tex. The documentation needed to substantiate the accuracy of the contribution reports is in Dal-Tex's hands. Because Dal-Tex is a non-signatory to the Wage Agreements, the Funds subpoenaed certain records that it deemed necessary for verification of the clean tons attributed to Ro-Fer.
 
 
 4
 Dal-Tex moved to quash or to modify the subpoena. In response, the trustees trimmed their request. The magistrate judge ordered that most of the documents listed in the subpoena be turned over to an independent accounting firm to be jointly selected by Dal-Tex and the Funds; the chosen firm was to be compensated by the Funds. Many of the documents would be turned over on a test-basis only, and disclosure of the contents by the accounting firm would be prohibited. Dal-Tex appealed to the district court, and the order was affirmed. Dal-Tex appeals this order.
 
 
 5
 The general rule is that discovery orders are interlocutory and, consequently, are not appealable until a final judgment has been entered in the litigation. Wright & Miller, 8 Federal Practice & Procedure Sec. 2006 (1970). Discovery orders directed at non-parties are treated no differently with respect to appealability. Id. In order to get a discovery issue before an appeals court during the pendency of the litigation, it is usually necessary for the non-party to disobey the order, be held in contempt (civil or criminal), and then appeal the contempt order. North Carolina Ass'n of Black Lawyers (North Carolina Cent. Univ.) v. North Carolina Bd. of Law Examiners, 538 F.2d 547 (4th Cir.1976). Such an order would be final as to the non-party and, therefore, appealable. 4 J. Moore, Federal Practice p 26.83 (2d ed. 1991). This "acid test" is designed to filter out appeals in which the discovery opponent has little faith. Corporacion Insular de Seguros v. Garcia, 876 F.2d 254, 258 (1st Cir.1989). Dal-Tex asks us to abandon or modify this established rule so as to permit it to appeal.
 
 
 6
 Dal-Tex cites only one case in support of its argument that this court has jurisdiction over the appeal. In Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th Cir.), cert. denied, 380 U.S. 964 (1965), the Tenth Circuit permitted a non-party to take an interlocutory appeal of a discovery order that involved the disclosure of "trade secrets." Covey was and remains an isolated departure from the settled rule. See 4 Moore's Federal Practice p 26.83 n. 6 (1991). Moreover, the Tenth Circuit later questioned the continued viability of the "Covey exception." See F.T.C. v. Alaska Land Leasing, Inc., 778 F.2d 577 (10th Cir.1985) (noting that the Supreme Court had implicitly overruled Covey in United States v. Ryan, 402 U.S. 530 (1971)).
 
 
 7
 We remain convinced that the acid test should define our jurisdiction to entertain interlocutory appeals of discovery orders from non-parties. We therefore dismiss Dal-Tex's appeal for lack of jurisdiction.
 
 
 8
 DISMISSED.