858 P.2d 426

In the Matter of the ESTATE OF
Manuel PINO, III, Deceased.

Janet ABALOS and Maria Cecilia Abalos,
by her mother and next friend, Janet
Abalos, Petitioners–Appellees,

v.

Manuel PINO, Jr., Personal Representa-
tive of the Estate of Manuel Pino, III,
a.k.a. Chon Pino, Deceased, Respon-
dent–Appellant.

No. 13587.

Court of Appeals of New Mexico.

July 22, 1993.

John W. Reynolds, Silver City, for peti-
tioners-appellees.

Celia Foy Castillo, Foy, Foy & Castillo,
P.C., Silver City, for respondent-appellant.

OPINION

PICKARD, Judge.

This case requires us to consider whether
an order from which appeal is taken in a
probate matter is a final judgment, allow-
ing this Court jurisdiction over the appeal.
More specifically, we address the issue of
whether an order by the district court, re-
quiring putative grandparents to undergo
blood testing to determine if their deceased
son was the father of the petitioner against
his estate, is final. For the reasons we
discuss below, we conclude that the order
was not final and does not fit into the
collateral order doctrine. Therefore, we
dismiss the appeal.

This action arose from a party that was
allegedly attended by Janet Abalos, Manuel
"Chon" Pino, III, his brother Andrew Pino,
and others on the night of July 26, 1986.
Ms. Abalos apparently imbibed a sufficient
quantity of alcohol at the party to render
her unconscious. It is alleged that one or
more males then engaged in sexual inter-
course with her. She subsequently gave
birth to a daughter, Maria Cecilia Abalos,
on April 30, 1987.

Ms. Abalos filed a petition for paternity, which named six individuals as potential fathers. Five of these six individuals were excluded from being the father through blood testing. The sixth died before testing could commence. Ms. Abalos did not originally name Andrew and Chon Pino in her paternity petition, and her motion to join Andrew, who was later excluded as a possible father, and his parents, Manuel Pino, Jr., and Ylaria Pino, was denied. Ms. Abalos attempted to join Manuel and Ylaria Pino because the results of a test of Chon Pino's blood, performed after his death, were inconclusive, and medical personnel asserted that testing Chon Pino's parents would achieve a conclusive result.

◼ The issues in the action that began as a petition for paternity are now being litigated in a probate matter, due to the death of Chon Pino in an automobile accident. Manuel Pino, Jr., was appointed as the personal representative of his son's estate. Janet Abalos and her daughter made a claim against Chon Pino's estate, based on their assertion that Maria Cecilia is Chon Pino's daughter and sole heir. This claim was denied by Manuel Pino, Jr., as personal representative for the estate, through his attorney. The Abaloses also filed a motion asking the district court to order the Pinos to show cause why they should not undergo blood testing to aid in the determination of whether Chon Pino was the father of Maria Cecilia Abalos. The district court heard evidence and arguments and ordered the Pinos to undergo the blood tests. It is from this order that the Pinos appeal.

Our jurisdiction is limited to appeals from final judgments, interlocutory orders that practically dispose of the merits, and final orders after entry of judgment that affect substantial rights. *Thornton v. Gamble*, 101 N.M. 764, 766, 688 P.2d 1268, 1270 (Ct.App.1984). The definition of a final order does not include matters of discovery:

> Orders granting or denying a motion for protective order, like orders requiring or denying discovery, or orders requiring a party to submit to a physical or mental

examination, generally do not constitute a final disposition of the proceedings. Therefore, they are not normally appealable, except upon the granting of an interlocutory appeal.

*In re Deposition of Bartow*, 101 N.M. 532, 534, 685 P.2d 387, 389 (Ct.App.1984); *see also* 4 James W. Moore et al., *Moore's Federal Practice* § 26.83 (2d ed. 1989); 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2006 (1970).

However, NMSA 1978, Section 45-3-107 (Repl.Pamp.1989) states that each proceeding in a probate matter is independent. *See In re Estate of Newalla*, 114 N.M. 290, 837 P.2d 1373 (Ct.App.1992). The Abaloses initiated a proceeding to determine whether Maria Cecilia is an heir. The motion to compel the blood tests did not institute a new proceeding. The dispute concerning the blood test is part and parcel of the proceeding to determine heirship. As stated in *Newalla*: "Further pleadings relating to the same subject matter, whether labelled motions or petitions, are part of the same proceeding. When the subject matter of two petitions overlap, it would generally be appropriate to consider both petitions as belonging to the same proceeding." *Id.* at 294, 837 P.2d at 1377. In particular, discovery disputes are not separate proceedings, and orders on discovery issues therefore are not final orders. *See id.*

Other jurisdictions are split as to whether an order for the taking of blood for paternity tests is a final and appealable order. Although some jurisdictions allow an appeal from discovery orders requiring blood tests, *see Voss v. Duerscherl*, 408 N.W.2d 161, 164 (Minn.Ct.App.1987), *rev'd on other grounds*, 425 N.W.2d 828 (Minn. 1988) (applying Minnesota statute regarding appealability); *Christianson v. Ely*, 390 Pa.Super. 398, 568 A.2d 961, 962 (1990), we are more persuaded by the rule in federal court, *see* Moore et al., *supra*, § 26.83; Wright & Miller, *supra*, § 2006, and New Mexico, *see Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 239-40, 824 P.2d 1033, 1041-42 (1992); *Thornton*, 101 N.M. at 767, 688 P.2d at 1271, which seeks to

avoid piecemeal appeals and promote judicial efficiency. *See Helton v. Arkansas Dep't of Human Servs.*, 309 Ark. 268, 828 S.W.2d 842 (1992) (no jurisdiction to appeal order requiring blood test in paternity dispute).

The Pinos do not assert any religious, moral, or other compelling reason to distinguish the blood test order here from general discovery orders. *See R.J.A. v. K.A.V.*, 34 Mass.App.Ct. 369, 611 N.E.2d 729, 731–32 (1983) (fact that people may have to undergo intrusions of blood testing does not make interlocutory order appealable). *But see Commonwealth ex rel. Weston v. Weston*, 201 Pa.Super. 554, 193 A.2d 782, 783 (1963) (order for blood test is appealable; simple act of requiring child to submit to test could cause injury by leading child to question paternity). The blood test is a part of the probate proceeding initiated by the Abaloses to determine whether Maria Cecilia is an heir of Chon Pino. A final order has not been entered as to this petition against the estate. Therefore, the order for the blood testing of the Pinos is not final.

■ Another question to be answered is whether this case falls under the collateral order doctrine as announced in *Carrillo v. Rostro*, 114 N.M. 607, 613, 845 P.2d 130, 136 (1992). Our Supreme Court adopted the federal rule articulated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and its progeny. *See Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985). The *Carrillo* Court followed the *Cohen* test that allows appeal of orders that meet, at a minimum, three conditions: they must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Carrillo*, 114 N.M. at 613, 845 P.2d at 136. Part one of the *Cohen/Carrillo* test is met because the order ended the specific dispute of whether there should be a blood test. Conditions two and three of the doctrine are more difficult matters.

■ Part two involves two questions to be answered. Is the issue important? Is the issue separate from the merits? We need not decide whether the Pinos meet these tests because we are confident that they fail the third part of the *Carrillo* test on the record before this Court. We note that, absent special circumstances not present here, being free from the normal incidents and costs of litigation is not a valid reason to avoid the final order rule or invoke the collateral order doctrine. *R.J.A.*, 611 N.E.2d at 732; *see Carrillo*, 114 N.M. at 615, 845 P.2d at 138 (qualified immunity confers an entitlement not to stand trial or face other burdens of litigation). We also note that the Pinos did not assert in their briefs any claim or cite to any evidence presented or claim made below that being free of a blood test was an important issue to them for any particular reason. No religious, moral, or other grounds were presented. Because the Pinos made no claim regarding specific reasons for not wanting to have their blood tested, it appears that their opposition is not to the taking of the test but rather to the admission into evidence of the test results. Indeed, their supplemental brief virtually admits that their opposition is primarily to the admission of the test results. If this is the case, their issue would not be effectively unreviewable later as required by the third condition of the collateral order doctrine.

Moreover, while our opinion should not be read as encouraging disobedience of court orders, it should be noted that an avenue for appeal does exist for the Pinos even as to the taking of the blood. Criminal or civil contempt proceedings are appealable in New Mexico. NMSA 1978, § 39–3–15(A) (Repl.Pamp.1991). If it is the very taking of their blood to which the Pinos object, they could force the issue by refusing to comply with the order and appealing any sanction order. While it could be argued that it is unduly harsh to force people into contempt before hearing their appeal, contempt will act as a useful deterrent, insuring that this Court not be required to hear piecemeal appeals on unim-

portant issues. The availability of review after criminal contempt is one reason why discovery orders in general are not appealable in federal court. *See* Moore et al., *supra,* § 26.83, at [6]; Wright & Miller, *supra,* § 2006, at 30.

The appeal is dismissed, and the case is remanded for further proceedings.

IT IS SO ORDERED.

BIVINS and HARTZ, JJ., concur.