This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                   **NO. A-1-CA-36737**

**COLTON PUTT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Martha Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Sawyers Law Group
James W. Klipstine
Hobbs, NM

for Appellee

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     The State has appealed from an order denying a motion for reconsideration of a discovery issue. We previously issued a notice of proposed summary disposition in which we proposed to dismiss. The State has filed a memorandum in opposition. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

{2}     As the State has tacitly acknowledged, [MIO 12] the order at issue is interlocutory in nature. *See In re Estate of Pino, III*, 1993-NMCA-087, ¶ 5, 115 N.M. 759, 858 P.2d 426 (explaining that orders requiring discovery generally do not constitute final dispositions, and therefore they are not normally appealable except upon the grant of applications for interlocutory appeals). The circumstances under which we statutorily entertain interlocutory appeals by the State in criminal cases are strictly limited. *See* NMSA 1978, § 39-3-3(B) (1972). This is not such a case.

{3}     The State seeks immediate review pursuant to its constitutional right appeal as an aggrieved party. [DS 1; MIO 1-14] However, as we previously observed, [CN 2-4] the constitutional right established by Article VI, Section 2 of the New Mexico Constitution does not confer upon the State an absolute right to appeal every adverse ruling immediately. *State v. Heinsen*, 2005-NMSC-035, ¶ 9, 138 N.M. 441, 121 P.3d 1040. The State must demonstrate that the underlying ruling is contrary to law, and

that its interest is sufficiently compelling. *Id.* As we explained in the notice of proposed summary disposition and as we further describe below, we remain unpersuaded that either of these requirements has been satisfied in this case.

{4}     The order entered below requires the State to produce a copy of certain photographic evidence to the defense. [MIO 4] The State does not dispute the relevance of that evidence, or Defendant's entitlement to discovery thereof. *See generally* Rule 5-501(A)(3) NMRA (requiring the State to "disclose or make available to the defendant" any photographs or copies thereof, which are within the custody or control of the State, "which are material to the preparation of the defense or are intended for use by the [S]tate as evidence at the trial"). Instead, the State contends that it should have been permitted to retain exclusive possession of the images; and to the extent that the defense wished to inspect them, the State contends that the defense should have been required to view them at the police department. [MIO 3-4]

{5}     Nothing within Rule 5-501 or any other authority of which we are aware authorizes the State to unilaterally impose such conditions upon criminal defendants' entitlement to discovery of material evidence. Absent such authority, we remain of the opinion that the district courts are at liberty to exercise their discretion in managing discovery practices. *Cf. State v. DeBorde*, 1996-NMCA-042, ¶ 13, 121 N.M. 601, 915 P.2d 906 ("[W]e leave it to the district court's discretion to determine if further

3

disclosure is reasonable under the circumstances of each case."). And although the State contends that Rule 5-501(F) might have supported a different result, [MIO 11] that provision clearly contemplates a balancing of interests. In this case the specific approach taken by the district court, requiring the State to provide a single copy of the images, to be "guarded in the law office" of defense counsel without further replication or distribution of any kind and to be viewed by Defendant and defense counsel exclusively, [RP 78] reflects a reasonable balancing of Defendant's entitlement to discovery of material evidence against the State's concerns relative to the sensitivity of the images. We therefore reject the State's assertion that the underlying decision is contrary to law, [MIO 6-11] and we remain unpersuaded that the State's interest is sufficiently compelling to entitle it to immediate appellate review. [MIO 11-14]

{6} In closing, we note the State's suggestion that the instant appeal should be entertained on grounds the decision would otherwise be effectively unreviewable. [MIO 10] As we observed in the notice of proposed summary disposition, [CN 3] the State could have either applied for interlocutory appeal, or refused to comply, been held in contempt, and appealed as of right thereafter. *King v. Allstate Ins. Co.*, 2004-NMCA-031, ¶ 19, 135 N.M. 206, 86 P.3d 631 ("A party who seeks to challenge an order granting a motion to compel discovery . . . can either apply for an interlocutory

4

appeal or refuse to comply, be held in contempt and file an appeal as of right from both the contempt judgment and the underlying discovery order on which the contempt was based."). Neither of these options having been pursued, we remain unpersuaded that further consideration on the merits is warranted.

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we dismiss.

{8}     **IT IS SO ORDERED.**


_____
                                        **M. MONICA ZAMORA, Judge**


**WE CONCUR:**


_____
**DANIEL J. GALLEGOS, Judge**


_____
**JENNIFER L. ATTREP, Judge**