This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40248

**WILLIAM H. FITZPATRICK,**

Plaintiff-Appellee,

v.

**STEPHANIE PARKS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Court Judge**

FitzPatrick Law, LLC
Sean M. FitzPatrick
Albuquerque, NM

Stalter Law LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellee

Western Agriculture, Resource and Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Stephanie Parks appeals the district court's order holding her in civil contempt of court for failure to pay attorney fees and costs. The district court ordered

attorney fees and costs as statutorily required when granting Plaintiff William FitzPatrick's motion to dismiss Defendant's counterclaim for malicious abuse of process under New Mexico's statute prohibiting strategic litigation against public participation (Anti-SLAPP statute), NMSA 1978, § 38-2-9.1(B) (2001). Defendant asks that we also review the merits of Plaintiff's special motion to dismiss through our jurisdiction over Defendant's appeal of the district court's contempt order. We decline to exercise our jurisdiction to review the district court's grant of Plaintiff's special motion to dismiss because the appeal is untimely. We also affirm the district court's decision to hold Defendant in civil contempt.

## BACKGROUND

**{2}**    Plaintiff sued Defendant for breach of contract, breach of good faith and fair dealing, and unjust enrichment, alleging that Defendant had failed to pay what was owed under a lease agreement between the parties. Defendant filed a counterclaim against Plaintiff for malicious abuse of process, alleging Plaintiff lacked reasonable belief that his claims could be established. Plaintiff then filed a special motion to dismiss under the Anti-SLAPP statute, arguing that Defendant's malicious abuse of process claim should be reviewed under the heightened pleading standard adopted by our Supreme Court in *Cordova v. Cline*, 2017-NMSC-020, ¶¶ 29-30, 396 P.3d 159.

**{3}**    The district court held two hearings on Plaintiff's special motion to dismiss on May 4, 2021, and June 15, 2021. After the June hearing, Defendant notified Plaintiff by email that she "will be disputing the award of attorney[] fees and costs and not paying them" if the district court granted Plaintiff's special motion. *See* § 38-2-9.1(B) (stating "if a court grants a motion to dismiss" then "the court shall award reasonably attorney fees and costs incurred by the moving party in defending the action"). The district court granted Plaintiff's motion and awarded attorney fees and costs on July 15, 2021. Under Section 38-2-9.1(C), Defendant had the right to an immediate interlocutory appeal of the district court's order. *See Cordova*, 2017-NMSC-020, ¶¶ 12, 14 (discussing the right to an immediate appeal). Plaintiff filed his itemized cost and fee bill on June 18, 2021. Defendant did not file a notice of appeal or a motion for an extension of time to file a notice of appeal from the district court's July 15, 2021 order, granting Plaintiff's special motion to dismiss.

**{4}**    On August 2, 2021, Plaintiff moved for an order to show cause asking the district court to hold Defendant in contempt for failure to pay attorney fees and costs based upon Defendant's previous email. In both her response and at the hearing on the motion, Defendant explained she willfully refused to pay in order to be held in contempt, so that she could appeal both the contempt order and the order granting the special motion to dismiss. On January 14, 2022, the district court entered an order holding Defendant in civil contempt of court for failure to pay attorney fees and costs and ordered an additional sanction by requiring Defendant to place six thousand dollars in the court registry to pay Plaintiff's attorney fees and costs on appeal. Defendant then filed her notice of appeal for both the special motion to dismiss and the contempt order on February 14, 2022.

**DISCUSSION**

**I.     Jurisdiction of This Court Over Defendant's Appeal**

**{5}**     Although Defendant appeals the district court's order granting Plaintiff's special motion to dismiss, Plaintiff argues that Defendant's appeal under these circumstances is an impermissible collateral attack on the order because Defendant failed to appeal the order directly. We agree.

**{6}**     Any motion made under the Anti-SLAPP statute is subject to an immediate, expedited appeal, whether granted or denied. *See* § 38-2-9.1(C) ("Any party shall have the right to an expedited appeal from a trial court order on the special motions described in Subsection B of this section."); *see also Cordova*, 2017-NMSC-020, ¶¶ 12, 14. Defendant should have filed a notice of appeal with the district court within thirty days of the entry of the order because the grant of Plaintiff's special motion to dismiss conferred an appeal as of right. *See* Rule 12-201(A)(1)(b) NMRA; Rule 12-202(A) NMRA. The order granting the special motion to dismiss was entered on July 15, 2021, meaning Defendant should have filed her notice of appeal by August 16, 2021. *See* Rule 12-308(A)(1) NMRA (explaining rules for calculating time for periods eleven days or longer). **{7}**     The exercise of appellate jurisdiction is subject to the mandatory precondition of timely filing. *See* Rule 12-202(A); *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369; *see also Valdez v. Barbara Erickson & Rental Mgmt. Servs., Inc.*, ___-NMCA-___, ¶ 5, ___ P.3d ___ (A-1-CA-40161, Sept. 18, 2023) ("[T]his Court's jurisdiction is limited to timely appeals from final judgments or orders."). "[T]he appropriate inquiry for determining if a court can exercise its discretion and entertain an appeal even though it is not timely filed is whether unusual circumstances beyond the control of the parties are present." *Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 18, 148 N.M. 692, 242 P.3d 259 (internal quotation marks and citation omitted).

**{8}**     Defendant cites no unusual circumstances to justify her untimely filing. Defendant did not appeal the order granting Plaintiff's special motion to dismiss until February 14, 2022—a delay of six months and thirty days. *See* Rule 12-308(A)(1) (explaining rules for calculating time for periods eleven days or longer). Notably, Defendant fails to discuss this delay in filing and the circumstances used to appeal the special motion to dismiss in her brief in chief. Additionally, Defendant filed no reply brief in response to Plaintiff's argument on appeal that the special motion to dismiss is improperly before us. Defendant instead relied on *King v. Allstate Insurance Co.*, 2004-NMCA-031, 135 N.M. 206, 86 P.3d 631, before the district court to explain how appealing from an order of contempt allows us to review the order granting the special motion to dismiss. We disagree that the reasoning this Court outlined in *King* applies here and explain.

**{9}**     In *King*, the district court denied the defendant's motion for a protective order of summary reports that the plaintiff requested in discovery, which the plaintiff alleged would establish the defendant's unlawful scheme of enhancing corporate profits. 2004-NMCA-031, ¶¶ 3-4, 8. The defendant did not attempt to appeal the district court's order.

*Id.* ¶ 8. However, the defendant continued to object to the production of the reports and denied the plaintiff's request that the defendant produce additional reports that were revealed during the discovery process voluntarily. *Id.* ¶ 9. The plaintiff then moved the district court to compel production of the reports. *Id.* ¶ 10. The district court granted the plaintiff's motion to compel at the same time it denied the defendant's new request for a protective order. *Id.* ¶ 11. The defendant then petitioned this Court for a writ of error to review the district court's order compelling production. *Id.* ¶ 12.

**{10}** This Court reiterated that a discovery order does not qualify for the collateral order doctrine or review by writ of error. *Id.* ¶ 18. Instead, this Court explained two methods to appeal a discovery order. *Id.* ¶ 19. First, a party could have the order reviewed on interlocutory appeal. *Id.* Second, a party could "refuse to comply, be held in contempt and file an appeal as of right from both the contempt judgment and the underlying discover order" as this Court discussed in *In re Estate of Pino*, 1993-NMCA-087, ¶ 11, 115 N.M. 759, 858 P.2d 426. *King*, 2004-NMCA-031, ¶ 19.

**{11}** In *Pino*, this Court observed that "[c]riminal or civil contempt proceedings are appealable in New Mexico [under] NMSA 1978, [Section] 39-3-15(A) [(1966),]" and "[w]hile it could be argued that it is unduly harsh to force people into contempt before hearing their appeal, contempt will act as a useful deterrent, insuring that this Court not be required to hear piecemeal appeals on unimportant issues." *Pino*, 1993-NMCA-087, ¶ 11. But critical to this Court's reasoning in *Pino* is that a discovery order is not a final order, and therefore a discovery dispute is normally not appealable and unreviewable. *Id.* ¶¶ 5, 7. Therefore, a party "could force the issue" and appeal a discovery order "by refusing to comply with the order and appealing any sanction order." *Id.* ¶ 11.

**{12}** Unlike the discovery orders in *King* and *Pino*, the district court order granting Plaintiff's special motion to dismiss under the Anti-SLAPP statute was immediately appealable. *See* § 38-2-9.1(C); *Cordova*, 2017-NMSC-020, ¶¶ 12, 14. Defendant had an effective means of review—the right to an expedited appeal under Section 38-2-9.1(C)—and chose not to exercise it. Because Defendant did not appeal the district court order when she had a right to and when appropriate, Defendant cannot now use a new instance of finality from an order holding her in contempt to justify our review of the special motion here. Instead, "[s]ince no timely appeal was taken from" the district court's order, "that ruling is not subject to review." *Seaboard Fire & Marine Ins. Co. v. Kurth*, 1980-NMCA-112, ¶ 6, 96 N.M. 631, 633 P.2d 1229, *superseded on other grounds by rule*, Rule 1-054 NMRA (2016), *as stated in Valdez*, ___-NMCA-___, ¶¶ 5-6. *Cf. Thompson v. Thompson*, 1983-NMSC-025, ¶ 4, 99 N.M. 473, 660 P.2d 115 ("The attempt in this case to use Rule [1-0]60([B])(6) [NMRA] to reopen the case after all of the previous proceedings is a clear attempt to circumvent what would otherwise constitute an untimely appeal."); *Gedeon v. Gedeon*, 1981-NMSC-065, ¶ 18, 96 N.M. 315, 630 P.2d 267 (stating that the plaintiff's "[Rule] [1-0]60([B]) [NMRA] motion is nothing more than an attempt to appeal from rulings for which the time for appeal has long since passed").

**{13}** We acknowledge that "it is this Court's policy to construe both statutes and court rules in favor of deciding an appeal on the merits whenever possible." *Shultz ex rel. Shultz*, 2010-NMSC-034, ¶ 19 (internal quotation marks and citation omitted); *see also Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 ("[W]e also have stated the policy of facilitating the right of appeal by liberally construing technical deficiencies in a notice of appeal otherwise satisfying the time and place of filing requirements."). Nevertheless, failure to comply with time and place requirements are not just technical violations of a notice of appeal. *See Govich*, 1991-NMSC-061, ¶ 12. Instead, Defendant's failure to comply here is a failure to properly invoke this Court's jurisdiction—meaning a failure to comply with the mandatory preconditions to exercise our jurisdiction. *See Trujillo*, 1994-NMSC-024, ¶ 14 (discussing that a timely filed notice of appeal "gives a name to the time-honored maxim that subject matter jurisdiction is dependent upon such prerequisites as the proper filing of a notice of appeal" although it is not an absolute bar to jurisdiction).

**{14}** Ultimately, we cannot excuse Defendant's untimely filed notice of appeal because Defendant cites to no extraordinary circumstances that warranted late filing. Therefore, we decline to reach the merits of Defendant's appeal of the Anti-SLAPP special motion to dismiss. *See Chavez v. U-Haul Co. of N.M.*, 1997-NMSC-051, ¶¶ 25-26, 124 N.M. 165, 947 P.2d 122 (declining to exercise discretion to hear an untimely appeal where the notice of appeal was filed thirty days late and the party cited no unusual circumstances that would excuse the late filing).

## II. Civil Contempt

**{15}** We next turn to Defendant's appeal of the district court's order holding her in civil contempt, which we have jurisdiction to review under Section 39-3-15(A) which states that "[a]ny person aggrieved by the judgment of the district court in any proceeding for civil contempt . . . may appeal within thirty days from the judgment of conviction to the [S]upreme [C]ourt or the [C]ourt of [A]ppeals, as appellate jurisdiction may be vested by law in these courts." On appeal, Defendant only argues that the district court erred in granting Plaintiff's special motion to dismiss and does not address Defendant's refusal to comply with Section 38-2-9.1(B), the district court's order holding her in civil contempt, or the sanctions granted in the order. As such, the only issue before us is whether the district court properly "exercised its contempt power with the purposes of civil contempt" which "is a mixed question of fact and law that we review de novo." *See State ex rel. Child., Youth & Fams. Dep't v. Mercer-Smith*, 2019-NMSC-005, ¶ 19, 434 P.3d 930.

**{16}** Civil contempt is "remedial in nature and serves to preserve and enforce the rights of private parties to suits and to compel obedience to the orders, writs, and mandates and decrees of the court." *Id.* ¶ 20 (internal quotation marks and citation omitted). The purpose of civil contempt "is to compel compliance with the court's orders and not to punish," and so "the continuing contempt sanctions end when the contemnor complies." *Id.* ¶ 22 (internal quotation marks and citation omitted).

**{17}**     Here, the district court awarded attorney fees and costs when granting Plaintiff's special motion to dismiss as required by Section 38-2-9.1(B). Before the district court ruled on Plaintiff's motion, Defendant stated that she would refuse to pay the attorney fees and costs. At the hearing on Plaintiff's motion to show cause, Defendant stated her refusal to pay was willful and asked the district court to hold her in contempt. The district court stated in its order that it held Defendant in contempt "for failing to pay attorney fees and costs statutorily required and ordered by this court" and not for any additional reason. Therefore, we hold that the district court properly exercised its contempt power when holding Defendant in civil contempt because the contempt order was not punitive, but intended to enforce the district court's statutorily required order on Plaintiff's special motion and impose a sanction for its ongoing violation. *See Mercer-Smith*, 2019-NMSC-005, ¶ 28 (explaining that civil contempt is proper when the record supports that the contempt decision is to compel obedience with the court and not purely punitive).

**CONCLUSION**

**{18}**     For the foregoing reasons, we affirm.

**{19}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**