1997-NMSC-051

947 P.2d 122

Oscar M. CHAVEZ, Plaintiff–Appellant,

v.

U–HAUL COMPANY OF NEW MEXICO,
INC., Defendant–Appellee.

Earl JONES, Plaintiff–Appellant,

v.

JIM SPENCE OLDSMOBILE,
CADILLAC, GMC, NISSAN,
INC., Defendant–Appellee.

No. 23548.

Supreme Court of New Mexico.

Sept. 11, 1997.

Rosanne Camunez, Las Cruces, Heidel, Samberson & Newell Lewis C. Cox, III, Lovington, for Plaintiffs–Appellants.

Rodey, Dickason, Sloan, Akin & Robb, P.A., Mark W. Mowery, Santa Fe, Michael T. Garrett Law Office, Michael T. Garrett, Clovis, for Defendants–Appellees.

## OPINION

McKINNON, Justice.

1. This consolidated case involves timeliness issues under appellate Rule 12–201 NMRA 1997 (extension of time for filing a notice of appeal). In Oscar Chavez's case, the issue is whether the district court had the authority to grant a retroactive extension to file a notice of appeal sixty-four days from the entry of summary judgment. In Earl Jones's case, the question is whether the district court had the authority to grant an extension allowing the appellant to file a notice of appeal ninety days from the entry of the final order.

2. We accepted certification from the Court of Appeals, see NMSA 1978, § 34–5–14(C)(2) (1972), because of an ambiguity in Rule 12–201 and because these two cases present an opportunity to clarify the time limits for initiating an appeal. We hold that in cases where *no* post-trial motions are filed, a litigant has a maximum of sixty days from the entry of a final judgment or order within which to file a notice of appeal. If a post-trial motion is filed, the sixty-day period runs from the date of its disposition, either express or automatic. We dismiss Jones's appeal because it was untimely and presents no

unusual circumstances warranting a hearing on the merits. Chavez's appeal also was untimely, but we remand his case to the Court of Appeals for a decision on the merits because of unusual circumstances and because justice requires that Chavez be granted the right to pursue his appeal.

## I. FACTS

### A. Chavez v. U–Haul

3. Chavez sued U–Haul for personal injuries he suffered at a U–Haul dealership in Deming, New Mexico. On December 7, 1995, the district court granted summary judgment in favor of U–Haul. No post-trial motions were filed. At 5:58 p.m., on Monday, January 8, 1996, thirty days[1] after the final order was entered, Chavez, pro se, faxed his notice of appeal to the district court. However, because it reached the district court clerk's office after the close of business at 5:00 p.m., the clerk considered it filed on January 9, 1996, one day late.[2]

4. On February 6, 1996, sixty-one days after entry of summary judgment, Chavez, represented by counsel, filed a motion to extend the time for filing his notice of appeal. On February 9, 1996, the district court granted a retroactive extension to January 10, 1996.

### B. Jones v. Spence

5. Jones sued General Motors and Spence, alleging violations of the Motor Vehicle Quality Assurance Act, NMSA 1978, §§ 57–16A–1 to –9 (1985), and the Unfair Practices Act, NMSA 1978, §§ 57–12–1 to –22 (1967, as amended through 1991). On September 29, 1995, the district court dismissed with prejudice all claims by Jones against Spence, but not against General Motors. On October 24, 1995, the district court granted an extension that allowed Jones to file the notice of appeal on the sixtieth day[3]

---

1. Because the thirtieth day fell on a Saturday, the following Monday is considered the thirtieth day. *See* Rule 12–308(A) NMRA 1997.

2. Due to clerical error, the notice of appeal was stamped as received on January 10, 1996. However, all parties agree that under normal circumstances, it would have been stamped as received on January 9, 1996.

3. The thirtieth day from the entry of the final order fell on a Sunday, making a notice of appeal filed on the following Monday timely. *See* Rule 12–308(A). Jones sought and received an extension of thirty days counting from Monday, rather

from the date of the dismissal. On the sixtieth day, the district court granted a second extension that permitted Jones to file the notice of appeal on the ninetieth day from the final order. Jones filed his notice of appeal on the ninetieth day.

## II. DISCUSSION

### A. Extensions of time to file a notice of appeal

6. The relevant parts of Rule 12–201 NMRA 1997 provide as follows:

(A) **Filing notice.** The notice of appeal shall be filed within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office.

. . .

(D) **Post-trial motions extending the time for appeal.** If a party timely files a motion pursuant to Section 39–1–1 NMSA 1978, Rule 1–050(B), 1–052(B)(2), or 1–059, or a motion pursuant to Rule 5–614 . . . the *full* time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from either the entry of an order expressly disposing of the motion or the date of any automatic denial of the motion under that statute or any of those rules, whichever occurs first. . . .

(E) **Other extensions of time for appeal.**

(1) Before the time for filing a notice of appeal has expired, upon a showing of good cause, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty (30) days from the expiration of the time otherwise prescribed by this rule.

(2) After the time has expired for filing a notice of appeal, upon a showing of excusable neglect or circumstances beyond the control of the appellant, the district court may extend the time for filing a notice of appeal by any party for a period not to exceed thirty (30) days from the expiration of time otherwise provided by

this rule, but it shall be made upon motion and notice to all parties.

(3) The district court retains jurisdiction to rule on a motion for extension of time to file the notice of appeal regardless of whether the notice of appeal has been filed.

(4) No motion for extension of time to file the notice of appeal may be granted after sixty (60) days from the time the appealable order is entered. If the motion is not granted within the sixty (60) days, the motion is automatically denied.

(Emphasis added.)

7. Rule 12–201(A) requires a notice of appeal to be filed within thirty days after an appealable order is entered. However, a litigant may request an extension. *See* Rule 12–201(E). If the extension is sought *prior* to the expiration of the thirty-day period, only "good cause" is required, Rule 12–201(E)(1), whereas if the extension is sought *after* the thirty-day period, "excusable neglect or circumstances beyond the control of the appellant" must be shown, Rule 12–201(E)(2).

### 1. Where no post-trial motions are filed

8. For a period of sixty days from the entry of an appealable order, the district court may grant an extension. *See* Rule 12–201(E)(3), (4). An extension may be retroactive, as in Chavez's case, or prospective, as in Jones's case. However, after sixty days, the district court lacks the authority to grant an extension. *See* Rule 12–201(E)(4). In Chavez's case, the district court granted a retroactive extension sixty-four days from the entry of summary judgment, which (E)(4) clearly prohibits.

9. As noted above, the thirty-day period to file a notice of appeal may be extended to a maximum of sixty days. Thus, an appellant may file a notice of appeal sixty days from the entry of the appealable order. However, on the sixty-first day, if the appellant has not filed, he or she loses the right to appeal. It is not within the district court's

than from Sunday. Jones's second extension allowed him to file the notice of appeal sixty days from Monday. In effect, the district court granted an extension to sixty-one days and then to

ninety-one days from the entry of the final order. We will assume for purposes of this appeal that the extensions were to sixty and ninety days respectively.

authority to grant an extension allowing an appellant to file a notice of appeal more than sixty days from the entry of a final order, as it did in Jones's case.

### 2. Where post-trial motions are filed

■ 10. In *Irwin v. Irwin*, NMSC 22,-020, slip op. (Oct. 27, 1994), an unpublished opinion,[4] we considered the effect of post-trial motions on the time to file a notice of appeal and the time within which the district court has the authority to grant an extension. In that case, the trial court issued a final order on May 8, 1992. The husband filed a post-trial motion on May 18, 1992. By June 17, 1992, the trial court had not expressly ruled on the motion; therefore, it was automatically denied. *See* Rule 1–052(B)(2) NMRA 1997; *cf.* NMSA 1978 § 39–1–1 (1917); Rules 1–050(D), 1–059(E), 5–614(C) NMRA 1997. On August 17, 1992, sixty days [5] from the denial, the husband received an extension from the district court and filed the notice of appeal on the same day. Under Rule 12–201(D), a notice of appeal is timely if filed within thirty days from the date of entry of a post-trial order or the date of automatic denial. The question we considered in *Irwin* was whether the district court's authority to grant an extension expired on July 7, 1992, sixty days from the final order, or August 17, 1992, sixty days from the automatic denial of the husband's post-trial motion.

11. We concluded it was the latter and agreed with Judge Apodaca's dissenting opinion in the Court of Appeals that the ambiguity in (E)(4) was the result of an oversight. *Irwin,* at 4. We stated that

(E)(4) "was never intended to limit the district court's authority to grant an extension of time for filing a notice of appeal when the initial thirty-day filing period was tolled by the filing of a post-trial motion." *Irwin,* at 4. We concluded that "the words 'appealable order' refer to the order that commences the running of the thirty-day filing period, whether that is the final order from which the appeal is taken, or the order disposing of any post-trial motion." *Irwin,* at 5.[6]

■ 12. In its certification, the Court of Appeals observed that *Irwin* "called into question" the limiting language of (E)(4). We now hold that *Irwin* does not extend the period within which a district court may grant an extension in cases where no post-trial motions are filed. However, where post-trial motions are filed, the district court retains, for a sixty-day period from the disposition of a post-trial motion, the authority to grant an extension up to a maximum of thirty days. *See* Rule 12–201(E)(2). A post-trial motion tolls the running of the time period for the filing of a notice of appeal, and the time period within which the district court may grant an extension.

### 3. Validity of these extensions

■ 13. The question whether a district court has the authority to grant an extension under Rule 12–201 is a question of law which we review de novo. *See State v. Rowell,* 1995 NMSC 086, ¶ 8, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995).

#### a. Chavez v. U–Haul

■ 14. Neither Chavez nor U–Haul filed a post-trial motion. On the sixty-first

---

4. While an unpublished opinion of this Court is of no precedential value, we may take notice of it. *See State v. Turner,* 81 N.M. 571, 576, 469 P.2d 720, 725 (Ct.App.1970) ("We take judicial notice of the records on file in this court."); *cf. Incorporated County of Los Alamos v. Montoya,* 108 N.M. 361, 364, 772 P.2d 891, 894 (Ct.App. 1989) ("Unpublished case law from state district or federal courts is instructive, but not binding on this [C]ourt.").

5. The sixtieth day fell on a Sunday, so under Rule 12–308, the following Monday is considered the sixtieth day.

6. In a footnote in *Irwin,* we stated that Rule 12–201(E)(4) would "be referred to the Appellate Rules Committee to consider recommending a change in its wording to this Court." *Irwin,* at 5 n. 2. However, as the Court of Appeals noted in its certification, no changes have been made to the rule.

The rule change should clarify that the time for filing a notice of appeal depends on whether post-trial motions are filed: if no post-trial motions are filed, the time to file a notice of appeal begins to run from the entry of an appealable order; if a post trial-motion is filed, the time to file a notice of appeal begins to run from the disposition of the motion.

day from the entry of summary judgment, the district court lost the authority to grant an extension. *See* Rule 12–201(E)(4). Chavez requested and received an extension after the sixty-day period had elapsed. He contends that "[t]he authority of the trial court to grant an extension of time to file the notice of appeal when it did fits within the spirit of the law as expressed by this Court in [*Irwin* ]." We disagree.

15. *Irwin* holds that the district court retains the authority to grant extensions under (E) for a period of sixty days from the disposition, either express or automatic, of a post-trial motion. *Irwin*, at 4. Thus, the sixty-day period circumscribing the district court's authority is tolled only in cases where post-trial motions are filed. Nothing in *Irwin* suggests that the district court retains this authority more than sixty days in cases where no post-trial motions are filed. While *Irwin* reaffirmed our policy of liberal interpretation of procedural rules, it does not support Chavez's contention. Therefore, Chavez's extension was not valid and his notice of appeal was untimely.

### b. Jones v. Spence

16. Neither Jones nor Spence filed a post-trial motion. Jones received an initial extension which permitted him to file the notice of appeal sixty days from entry of the final order. This was in accordance with (E)(1). However, Jones received a second extension, which allowed him to file the notice of appeal ninety days from the entry of the final order. Jones contends that he is allowed up to sixty days if he receives an extension under (E)(1) and up to ninety days if he receives an additional thirty-day extension under (E)(2). Jones reads "the time . . . for filing a notice of appeal" in (E)(2) to refer to an extension granted under (E)(1), rather than to the thirty-day period provided for in (A). He provides no support or precedent for this strained interpretation.

17. The phrase "the time for filing a notice of appeal" in (E)(1) refers to the thirty-day period provided for in (A). The phrase "the time . . . for filing a notice of appeal" in (E)(2) also refers to the thirty-day period provided for in (A). Therefore, the district court may extend the time to file a notice of appeal from the thirty-day period, as provided for in (A), to a maximum of sixty days from the entry of the appealable order, as provided for in (E)(1) and (E)(2). Because Rule 12–201 does not provide for an extension to ninety days, Jones's second extension is invalid, and his notice of appeal is untimely.

### B. Dismissal of untimely appeals

18. In *Trujillo v. Serrano,* 1994 NMSC 024, ¶ 7, 117 N.M. 273, 276, 871 P.2d 369, 372 (1994), we considered "whether there are unusual circumstances under which a trial court should entertain an untimely notice of appeal." The appellant in *Trujillo* alleged that "he relied on the magistrate's statement that no decision would be rendered until the parties were recalled to the court." *Id.* at ¶ 3, 117 N.M. at 275, 871 P.2d at 371. Nevertheless, the magistrate filed the judgment with the clerk's office without giving notice to the parties. *Id.* at ¶ 2. A copy of the judgment was alleged to have been received by the appellant *after* the time for filing the notice of appeal had expired. *Id.* at ¶ 3. The appellant filed the notice of appeal within fifteen days after receipt of, but more than fifteen days from entry of, the judgment. Under Rule 2–705(A) NMRA 1997, the notice was untimely. Nevertheless, we held that if "the actions of the magistrate court caused [his] filing to be untimely," his appeal should be heard. 1994 NMSC 024, ¶ 17, 117 N.M. at 278, 871 P.2d at 374.

19. In *Trujillo,* we stated that "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects" such as an untimely notice of appeal. *Id.* at ¶ 18. We observed that two prior cases also involved the same sort of clerical or administrative error by the court. *See id.* at ¶ 16 (discussing *Jaritas Live Stock Co. v. Spriggs,* 42 N.M. 14, 74 P.2d 722 (1937), and *Adams v. Tatsch,* 68 N.M. 446, 362 P.2d 984 (1961)). We noted that in *Jaritas,* "while the appellant promptly mailed the motion and prepared order to the trial court, the judge filed the order one day after the expiration of the period." 1994 NMSC 024,

¶ 16, 117 N.M. at 278, 871 P.2d at 374. We also noted that in *Adams,* "while the counsel apparently proceeded without delay, the court did not timely enter the order allowing the appeal." 1994 NMSC 024, ¶ 16, 117 N.M. at 278, 871 P.2d at 374. In both *Jaritas* and *Adams,* the late appeals were permitted.

20. The New Mexico Constitution provides that "an aggrieved party shall have an absolute right to one appeal." N.M. Const. art. VI, § 2. In *Trujillo,* we reaffirmed our commitment to the principle that our rules should "expedite rather than hinder this right," while acknowledging that the right to an appeal must be balanced with "the need for the efficient administration of justice." 1994 NMSC 024, ¶ 8, 117 N.M. at 276, 871 P.2d at 372. We concluded that "[p]rocedural formalities should not outweigh basic rights where the facts present a marginal case which does not lend itself to a bright-line interpretation." *Id.*

### 1. Chavez's appeal

21. While the trial court did not cause Chavez to fax his notice of appeal 58 minutes late, his case is marginal and involves unusual circumstances arguably beyond his control. He faxed the notice of appeal on the thirtieth day from the entry of the final order, less than an hour after the close of business. On these facts, the notice of appeal is arguably timely. Even if untimely, it is only marginally so.

22. The circumstances are unusual because he filed the notice of appeal pro se while his trial counsel was in the process of arranging other representation for him on appeal. It appears from the record that after trial, it was not clear who was primarily responsible for prosecuting his appeal. His trial counsel had said she would not represent him on appeal, but she did attempt to secure other counsel. When Chavez filed the notice of appeal, no other representation had been secured. His trial counsel later decided to represent him. The district court found that Chavez's unusual circumstances warranted an extension under Rule 12–201(E)(2), which requires a showing of "excusable neglect or *circumstances beyond the control of the appellant.*" (Emphasis added.) This is a case where unusual circumstances warrant excusing the minor procedural defect of filing the notice 58 minutes late. On these facts, the right to an appeal outweighs the need for the efficient administration of justice.

### 2. Jones's appeal

23. In contrast, Jones's case lends itself to a bright-line interpretation, is not marginal, and involves no unusual circumstances that would warrant excusing the late filing. There is no tenable reading of Rule 12–201 under which the notice of appeal was timely filed; it was thirty days late.

24. It is true that the trial court erred in granting the second extension, but this legal error is unlike the administrative or clerical errors described in *Trujillo.* In *Trujillo,* the court failed to notify the parties of its decision in accordance with its oral direction at trial. 1994 NMSC 024, ¶ 15, 117 N.M. at 278, 871 P.2d at 374. As a result, the appellant missed the deadline. In both *Jaritas* and *Adams,* the application for appeal was presented to the trial court on a timely basis, but the order allowing the appeal was entered late due to court delay. 1994 NMSC 024, ¶ 16, 117 N.M. at 278, 871 P.2d at 374. Jones does not claim that court action created the delay that caused his notice of appeal to be untimely. Instead, a legal error occurred when the trial court misread Rule 12–201.

25. In its second extension order, the trial court made no finding of excusable neglect or of circumstances beyond Jones's control; it merely made a finding of good cause. Here, Jones cited no unusual circumstances that would excuse his filing the notice thirty days late.

26. The discretion to hear an untimely appeal should not be exercised where there is no court-caused delay of the sort discussed in *Trujillo,* where there are no unusual circumstances such as in Chavez's case, and where a notice of appeal is filed thirty days late. If we were to allow Jones's appeal, the efficacy of Rule 12–201 would be severely undermined and weakened. On these facts, the need for efficient administration of justice outweighs the right to an appeal.

## III.  CONCLUSION

27.  We hold that in cases where no post-trial motions are filed, the district court retains, for a period of sixty days from the entry of the appealable order, the authority to grant extensions of the time to file a notice of appeal.  In such cases, the extension may not allow the notice of appeal to be filed more than sixty days from the entry of the appealable order.  In cases where a post-trial motion is filed, this sixty-day period begins to run from the disposition, either express or automatic, of the post-trial motion.  In such cases, the appellant may not receive an extension allowing the notice of appeal to be filed more than sixty days from the disposition of the post-trial motion.  Although Chavez's extension is unauthorized, the Court of Appeals should hear his appeal on the merits due to the unusual circumstances surrounding the filing of his notice of appeal.  Because Jones's second extension is unauthorized, and no unusual circumstances warrant hearing his untimely appeal, we dismiss Jones's appeal.

28.  **IT IS SO ORDERED.**

FRANCHINI, C.J., and SERNA, J., concur.

