This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SANDRA L. SHERMAN**,

      Worker-Appellant,

v.                                    **NO.  30,834**

**PLATINUM LEADS USA, LLC**
**and STATE FARM INSURANCE**,

      Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, District Judge**

Sandra L. Sherman
Albuquerque, NM

Pro Se Appellant

David Skinner
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Sandra L. Sherman (Worker) appeals from the Workers Compensation Judge's (WCJ's) Order filed on June 22, 2010. [RP 68] Under the order, Worker's complaint for workers' compensation benefits was dismissed with prejudice. [RP 69] Worker filed the notice of appeal in this Court on November 30, 2010. [Ct. App. File]

**DISCUSSION**

The calendar notice proposed to dismiss the appeal because the notice of appeal was filed in this Court on November 30, 2010, more than thirty days after entry of the WCA's final order on June 22, 2010, contrary to Rule 12-601(B) NMRA. As a result, this Court lacks jurisdiction to review the appeal on the merits absent extraordinary circumstances. *See, e.g., Chavez v. U-Haul Co.*, 1997-NMSC-051, ¶¶ 19-22, 124 N.M. 165, 947 P.2d 122 (hearing an appeal where notice was filed 58 minutes late); *see also Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) (stating that "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects"). [Our analysis in this opinion is not affected by any pending or existing changes in the Appellate Rules and the case law thereunder relating to the three-day mailing rule].

Worker has filed a response to the proposed summary disposition. [First Amended Response, No. 1, Ct. App. File] The first amended response states that this Court's Clerk's Office "lost" the docketing statement due to a filing error, which

delayed "presentation of the case for approximately 1 month." [Id.] We note that Worker indicates that this Court's alleged error in filing the docketing statement delayed the appeal in general, not the filing of the notice of appeal. Since Worker filed the notice of appeal in this Court on the same date as she filed the docketing statement, however, we assume that Worker is attributing a one-month delay in the filing of the notice of appeal to this Court's filing error, as well. Even subtracting one month's time from the November 30, 2010 filing date, however, Worker's notice of appeal was filed in this Court more than four months after the WCJ issued the final order, on June 22, 2010. Under the circumstances, we cannot say that Worker's untimely filing of the notice of appeal in this Court is attributable to this Court's filing error.

In addition, Worker indicates that she filed her notice of appeal in this Court based on information given to her by the New Mexico Insurance Division. [First Amended Response, No. 2, Ct. App. File] According to Worker, "several people" at the Insurance Division told Worker that she had thirty days after "they" closed "their" file (presumably the WCA) to file the appeal. [Id.] Worker's file was "closed," however, when the final order dismissing her complaint for workers compensation benefit was dismissed with prejudice on June 22, 2010. [RP 68] While Worker claims that she filed her appeal in this Court before she got a final letter from the

WCJ, Worker's notice of appeal was filed in this Court more than five months after June 22, 2010, on November 30, 2010. This is more than four months after June 22, 2010, assuming any error by this Court in filing the docketing statement and/or the notice of appeal. [Ct. App. File] In this regard, we note that Worker's form "affidavit of service for the notice of appeal in a worker's compensation appeal" states that Worker mailed the notice appeal to the WCA and to opposing counsel on November 16, 2010. [Ct. App. File] This Court's file stamp date of filing for the notice of appeal is November 30, 2010. [Id.] Finally, Worker's postage receipt that she states in the first amended response is dated July 13, 2010, appears to indicate that the mailing for which postage was purchased was sent to "NM Regulatory Stella," not to this Court. [First Amended Response, last document]. Moreover, Worker does not allege in the first amended response that the postage she purchased on July 13, 2010, was purchased to mail the notice of appeal to this Court or that the notice of appeal was actually mailed on that date to this Court. As discussed above, Worker's affidavit of mailing attached to the notice of appeal certifies mailing on November 16, 2010, to the WCA and to opposing counsel only.

**CONCLUSION**

Under the circumstance of this case, therefore, we dismiss the appeal because Worker failed to file a timely notice of appeal.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**