This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRENDA VAN DEN BRINK**,

  Petitioner-Appellant,

v.                                                         **NO. 30,863**

**JOHN ROBERT VAN DEN BRINK**,

  Respondent-Appellee

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Brenda Van Den Brink
Albuquerque, NM

Pro Se Appellant

Sanford H. Siegel
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

Wife appeals from several orders in an on-going case involving child support. In our notice, we proposed to dismiss the appeal from one order as being untimely.

We proposed to affirm the other two orders. Wife has timely responded. We have considered her arguments and not being persuaded, we dismiss the appeal from the child support order and affirm the two minute orders.

In our notice, we proposed to dismiss the appeal because it was filed a day late. We pointed out that under exceptional circumstances, this Court may exercise its discretion to consider a late appeal. However, Wife has not provided us with such circumstances. Wife responds that she was under a doctor's care for PTSD, stress, and grief following her father's death earlier in the year. [MIO 1] She also asserts that she was in settlement negotiations in another law suit. [Id.] While we sympathize with Wife on the death of her father, stress and grief are not the kinds of extraordinary circumstances that will excuse the late filing of a notice of appeal. Nor does the fact that she was in settlement negotiations in another case relieve her of the requirement that her notice of appeal be timely filed.

When our cases speak of exceptional circumstances, we speak of matters that are outside the control of the appellant. *See Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 274 (1994). Thus, where the trial court fails to notify the parties that a final order was entered, *id.*, or where the appellant was between attorneys and on the thirtieth day faxed his notice of appeal fifty-eight minutes after the court closed, *Chavez v. U-Haul Co.*, 1997-NMSC-051, ¶¶ 21-22, 124 N.M. 165, 947 P.2d 122, or

where law and court rules have changed the procedure for appeals, *Hyden v. New Mexico Human Services Department*, 2000-NMCA-002, ¶ 17, 128 N.M. 423, 993 P.2d 740, we have held that exceptional circumstances will excuse the late filing. Wife's explanation regarding the reasons for her late filing do not meet these requirements. Therefore, we dismiss the appeal of the child support order filed on September 27, 2010.

Wife continues to argue that the district court denied her due process by deciding her motion for reconsideration without an in-person hearing. She argues that because she was not permitted to attach evidence to her pleadings, she required an in-person hearing to present her evidence to the district court. [MIO 3] While we do not fully understand what Wife means by attaching evidence to her pleadings, we nevertheless conclude that an in-person hearing is not necessary to apprise the district court of everything it needs to make a decision on a motion for reconsideration.

We are unpersuaded by Wife's attempt to distinguish *United Nuclear Corp. v. General Atomic Co.*, 93 N.M. 105, 123, 597 P.2d 290, 308 (1979). Contrary to Wife's argument, there is nothing in that case suggesting that the movant was entitled to attach evidence to its motion. Rather, it was clear that the matter being heard was to be presented to the district court on a motion rather than at trial. *Id.* As was pointed out in that case, motions are usually decided on the papers. Likewise, here, a motion

for reconsideration is presented on the papers. The movant must convince the district court that its decision was incorrect for some reason. *See* Rule 1-059 NMRA and Rule 1-060(B) NMRA (setting forth bases for making a motion for reconsideration). That can be done without presentation of witnesses. We conclude that the district court did not violate due process by denying Wife's motion for reconsideration without an in-person hearing.

Wife also argues that a pro se litigant should be afforded the same rights as attorneys are permitted. [MIO 2] There is no question that a person may represent herself before the courts. However, that right is tempered by the requirement that she follow the standard of conduct and compliance with court rules, procedures and orders as attorneys are required to do. *Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985).

Wife also argues that judges are bound by the law and cannot rewrite it. [MIO 2] We do not understand how this assertion affects analysis of her issue. We cannot say that the district court failed to follow the law or rewrote it in denying her motion for reconsideration.

Wife does not address our proposed analysis regarding the denial of the motion to stay. Therefore, we deem the issue to have been waived. *See State v. Salenas*, 112 N.M. 268, 269, 814 P.2d 136, 137 (Ct. App. 1991).

4

Finally, Wife argues that it was appropriate to amend her notice of appeal to include the January order. She contends that because this order, along with the other orders she appealed, stemmed from the September child support order, they should all be included in her notice of appeal. Simply because there have been subsequent orders relating to the September order does not mean that Wife can continue to file amended notices of appeal including each new order. Our rules of procedure do not contemplate such filings because amendment and filing of the notice of appeal may affect its timeliness with regard to the other orders being appealed from. Wife should file a separate notice of appeal from each final order that she seeks to appeal unless there are a number of orders filed on the same day. The appeal from the January order was required to be separately filed. Even if we construe the amended notice of appeal to be from the January order, Wife has failed to timely file a docketing statement with issues related to that order. Thus, there is nothing for this Court to consider relating to the January order.

For the reasons stated herein and in our notice, we dismiss the appeal from the child support order and affirm the two minute orders. Insofar as Wife wants to pursue her appeal from the January 4, 2011, order, she must do so in a different appeal.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**