This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IRMA LOPEZ,**

     Plaintiff-Appellant,

v.                                                          **NO. 31,426**

**MARGARITO ALVARADO, and**
**CHAPZ RESTAURANT, LTD.,**
**d/b/a CHAPZ BAR & GRILL,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**J. Richard Brown, District Judge**

Hanratty Law Firm
Kevin J. Hanratty
Artesia, NM

for Appellant

Atwood, Malone, Turner & Sabin
Lee M. Rogers, Jr.
Roswell, NM

for Appellees

**MEMORANDUM OPINION**

**FRY, Judge.**

Plaintiff appeals the district court's order granting summary judgment in favor of Defendants on Plaintiff's claim for personal injury. [RP 318] We proposed to dismiss based on Plaintiff's failure to file a timely notice of appeal, and pursuant to an extension, Plaintiff filed a timely memorandum in opposition. Remaining unpersuaded by Plaintiff's arguments, we dismiss.

It is well-established that the timely filing of a notice of appeal is a mandatory precondition to this Court's exercise of jurisdiction. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). On May 7, 2010, the district court entered an order granting summary judgment to Defendants. [RP 318] Plaintiff filed a notice of appeal over a year later on June 28, 2011. [RP 352] In our notice of proposed summary disposition, we proposed to dismiss the appeal because the notice of appeal was untimely. *See* Rule 12-201(A)(2) NMRA (requiring the appellant to file a notice of appeal in the district court clerk's office within thirty days of the district court's entry of its final judgment).

As discussed in our notice of proposed summary disposition, we will only entertain an untimely appeal upon the showing of exceptional circumstances that are beyond the control of the parties. *See Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) (holding that exceptional circumstances are those beyond the control of the parties, such as delay caused by judicial error); *see also Chavez v.*

*U-Haul of N.M., Inc.*, 1997-NMSC-051, ¶ 26, 124 N.M. 165, 947 P.2d 122 (stating that in the absence of court-caused delay or unusual circumstances, an appellate court should not exercise its discretion to consider an untimely appeal because to do so would severely undermine and weaken the efficacy of Rule 12-201). Plaintiff contends that she has established circumstances beyond her control because neither she nor her counsel were provided with a signed copy of the final order granting summary judgment. [MIO 11-17] She claims that her counsel was "misled" by this failure because the district court had a common practice of sending file-stamped copies of final orders and because the rules require that Plaintiff be provided with a copy of any such orders. [MIO 12-17] We disagree.

First, we note that Plaintiff cites to the committee commentary to Rule 1-007.1 NMRA and to Rule 1-058(C) NMRA in support of her contentions. [MIO 12, 15] Turning first to the commentary to Rule 1-007.1, it applies when a party fails to respond to a motion and allows the moving party to submit a proposed order to the court if "a copy of the proposed order [is] served on all other parties." In this case, Plaintiff did respond to Defendants' motion and thus the committee commentary is inapplicable.

Furthermore, to the extent Defendants were required to submit a proposed order to Plaintiff, they did so. [MIO 12-13] *See* Rule 1-058(C) (stating that "before the

3

court signs any order or judgment, counsel shall be afforded a reasonable opportunity to examine the same and make suggestions or objections"). Plaintiff claims that the summary judgment order was entered ex parte and that opposing counsel failed to identify the objections Plaintiff's counsel made to the summary judgment order. [MIO 13-15] However, the record indicates that Defendants mailed a copy of their requested findings of fact and conclusions of law and emailed a copy of the proposed summary judgment order to Plaintiff on April 21, 2010. [RP 312-314, 333] Plaintiff responded indicating that she wanted to amend the order to include language stating that the findings and conclusions made by the district court during the hearing are incorporated by reference. [RP 333] On May 7, 2010, in addition to entering the order granting summary judgment, the district court specifically entered an order adopting Defendants' findings of fact and conclusions of law. [RP 315- 317] Therefore, the record indicates that Defendants complied with the requirements of Rule 1-058(C).

Even though Plaintiff and her counsel knew that the district court had decided to grant Defendants' motion for summary judgment at the hearing on April 5, 2010, and ordered submission of proposed findings of fact and conclusions of law at the same time [RP 311], and even though Plaintiff and her counsel had received copies of Defendants' requested findings and conclusions and their proposed summary

judgment order, Plaintiff's counsel waited over a year before checking the district court's website to determine whether the order had been filed. [RP 320, 329] Plaintiff claims she did not wish to rely on the court website because the website might not accurately convey the status of her case. [MIO 16] However, this is the very website consulted by her counsel when he finally discovered on June 7, 2011, that the summary judgment order had been entered. [RP 320-321] Thus, we are of the opinion that Plaintiff has failed to establish the requisite exceptional circumstances excusing her failure to file a timely notice of appeal because she has failed to show that the failure was due to circumstances outside her control.

Finally, we note that in her memorandum in opposition, Plaintiff urges us to reconsider our proposed dismissal because Defendants would not be prejudiced if this Court allowed Plaintiff's untimely appeal to go forward. [MIO 11] We need not address this contention because exceptional circumstances, not lack of prejudice to the opposing party, is the applicable requirement.

In closing, we reiterate the observation contained in our notice of proposed summary disposition, that even if the district court and Defendants failed to provide Plaintiff with a copy of the final order granting summary judgment, these failures do not excuse Plaintiff's failure to take any action whatsoever for over year. *Cf. Chavez*, 1997-NMSC-051, ¶ 23 (holding that a thirty-day delay in filing the notice of appeal

would not be excused); *Capco Acquisub, Inc. v. Greka Energy Corp.,* 2007-NMCA-011, ¶¶ 26-35, 140 N.M. 920, 149 P.3d 1017 (affirming the district court's denial of the appellants' request for an extension of time in which to file their notice of appeal when the failure was due to alleged "miscommunication" with counsel and due to the appellants' failure to monitor their appeal).

**CONCLUSION**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we dismiss Plaintiff's appeal based upon her failure to file a timely notice of appeal from the order granting summary judgment to Defendants.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**