This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JTC, INC.,**

      Protestant-Appellant,

v.                               **No. A-1-CA-37539**

**NEW MEXICO TAXATION AND
REVENUE DEPARTMENT,**

      Respondent-Appellee.

**IN THE MATTER OF THE PROTEST
TO ASSESSMENT ISSUE UNDER
LETTER ID NO. L1659639360**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Chris Romero, Hearing Officer**

Ahr Law Offices, P.C.
Lewis J. Terr
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
Peter Breen, Special Assistant Attorney General
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}** Protestant JTC, Inc. appeals from the decision by the Taxation & Revenue Administrative Hearings Office on Protestant's letter of protest. [6 RP 501-29] This Court issued a notice of proposed disposition, proposing to summarily dismiss for the lack of a notice of appeal. Protestant filed a memorandum in opposition and an unopposed

motion for a retroactive extension of time to file the notice of appeal, which we have duly considered. Unpersuaded, we deny Protestant's motion and dismiss the appeal.

{2}     In this Court's calendar notice, we proposed to dismiss based on the lack of a notice of appeal. Upon our review, it appeared that Protestant never filed a notice of appeal with this Court, which is required to perfect an appeal to this Court from an administrative agency. NMSA 1978, § 7-1-25 (2015); Rule 12-601(A), (B) NMRA. [CN 2] We suggested that, without the notice of appeal, the mandatory precondition for our jurisdiction had not been met, and we should not exercise jurisdiction over this appeal. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that time and place of filing notice of appeal is a mandatory precondition to appellate jurisdiction). [CN 3]

{3}     In the memorandum in opposition and the motion for a retroactive extension of time, Protestant concedes that it did not file a notice of appeal in the Court of Appeals, and states that it was an "inadvertent error" or a "clerical mistake" by counsel, but asks this Court to ignore the defect and accept the appeal anyway. [MIO 1; Motion] It is incumbent on this Court to ascertain whether it is appropriate to exercise jurisdiction in a given case. *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 ("[I]t is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them.") "Determining whether [an] appeal was timely involves the interpretation of court rules, which we review de novo." *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865. Appellate requirements for time and place of filing should be termed "mandatory" rather than "jurisdictional," and an appellate court has discretion to hear an appeal if a party has failed to comply with such mandatory preconditions. *See Govich*, 1991-NMSC-061, ¶ 12. However, "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *Santa Fe Pac. Trust, Inc. v. City of Albuquerque,* 2012-NMSC-028, ¶ 23, 285 P.3d 595 (internal quotation marks and citation omitted).

{4}     In the memorandum in opposition and the motion for retroactive extension of time, Protestant argues that, even though it failed to file the notice of appeal with this Court, the parties were not prejudiced. Protestant states that the parties and the administrative hearing office all "acted as though this appeal was properly filed." [MIO 2] Therefore, Protestant claims that there was no prejudice, even though the appeal was technically defective. [MIO 2] Protestant cites *Govich*, 1991-NMSC-061, ¶¶ 12-14, arguing that the lack of substantive prejudice to the parties should be considered by this Court. [MIO 2] However, in *Govich*, the notice of appeal was timely filed, properly invoking jurisdiction. *Id.* ¶ 11. The Supreme Court analyzed the technical deficiencies in the contents of the notice of appeal in *Govich* after confirming that the notice of appeal had been filed timely. *Id.* ¶ 13. Thus, *Govich* is inapposite. As time and location of filing are mandatory preconditions to the exercise of our jurisdiction, we decline to exercise jurisdiction in the present case as no unusual circumstances exist.

**{5}** In its memorandum in opposition, Protestant nonetheless argues that the neglect of counsel was excusable because he did draft timely the notice of appeal, but filed it with the wrong court. [MIO 4-5] In its motion, Protestant asks us to find "excusable neglect" by Protestant's counsel and exercise this Court's discretion to allow Protestant to file the notice of appeal now, citing *Chavez v. U-Haul Co. of New Mexico, Inc.*, 1997-NMSC-051, ¶ 25, 124 N.M. 165, 947 P.2d 122. [Motion 2] However, our Supreme Court has stated that the standard for excusable neglect is higher than that argued by Protestant. Generally, an appellate court will only exercise discretion to hear an untimely appeal if a court has somehow misled the parties or if deviation from mandatory requirements is truly minimal. *See id.* ¶¶ 19-22 (hearing an appeal when the notice of appeal was filed fifty-eight minutes late, but where the "case [wa]s marginal and involve[d] unusual circumstances arguably beyond [the appellant's] control"); *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 30, 140 N.M. 920, 149 P.3d 1017 (holding that the failure to timely file a notice of appeal due to claimed miscommunication between clients and counsel, with "plenty of time and several opportunities to correct any miscommunication," did not rise to the level of excusable neglect).

**{6}** Further, in the context of extensions of time for filing a notice of appeal, our Supreme Court has said, "[m]ere failure to receive notice alone, work overload of attorneys, palpable error of counsel and other causes that do not rise to the level of 'unique' circumstances that cannot be anticipated or controlled by a party's counsel are not sufficient." *Guess v. Gulf Ins. Co.*, 1980-NMSC-040, ¶ 17, 94 N.M 139, 607 P.2d 1157. Protestant has not demonstrated that its filing error rose to the level of New Mexico's standard for excusing a late notice of appeal. Thus, to the extent Protestant provided any additional facts to this Court regarding his filing error, we conclude that the errors leading to the late notice of appeal and request for an extension still amount to mistakes by counsel in complying with the rules and deadlines for filing a notice of appeal, which does not reach the threshold for excusing the improperly filed notice of appeal.

**{7}** Based on the foregoing, we therefore deny Protestant's motion and dismiss this appeal for lack of a notice of appeal.

**{8}     IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**BRIANA H. ZAMORA, Judge**