This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38628**

**KAITLIN WARNER,**

      Plaintiff-Appellee/Cross-Appellant,

v.

**ANDREW DAVIS and CARLY MONTGOMERY,**

      Defendants-Appellants/Cross-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

Law Offices of Joseph CampBell
Joseph E. CampBell
Edgewood, NM

for Appellee

Boyle & Freudenheim
Gary W. Boyle
Mark D. Freudenheim
Santa Fe, NM

for Appellants

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** A jury found Defendants Andrew Davis and Carly Montgomery defamed and intentionally inflicted emotional distress on Plaintiff Kaitlin Warner, and awarded her damages in the sum of $64,000, including punitive damages. Defendants appeal, arguing (1) that the verdict and the award of punitive damages were not supported by substantial evidence, and (2) that the district court erred by allowing Warner to file an untimely notice of appeal. Warner cross-appeals the district court's decision denying

admission of a request for admission addressing sexual intercourse as an exhibit. We hold that the jury's verdict against Defendants and the award for punitive damages are supported by substantial evidence. We also hold that the district court did not abuse its discretion by (1) allowing Warner to file an untimely notice of appeal, and (2) not admitting Defendants' request for admission addressing sexual intercourse as an exhibit at trial as requested by Warner. We therefore affirm.

**DISCUSSION**

**I.      Defendants' Appeal**

**A.      The Jury's Verdict and Award of Punitive Damages**

**{2}**      "To determine if a verdict is supported by substantial evidence, the proper approach is to examine the plaintiff's evidence related to damages and determine whether that evidence could justify the amount of the verdict." *Morga v. FedEx Ground Package Sys., Inc.*, 2022-NMSC-013, ¶ 21, 512 P.3d 774 (alterations, internal quotation marks, and citation omitted). "The question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 20, 336 P.3d 436 (internal quotation marks and citation omitted). "We resolve all factual issues in the light most favorable to the jury verdict, disregarding inferences to the contrary." *Valley Bank of Com. v. Hilburn*, 2005-NMCA-004, ¶ 21, 136 N.M. 741, 105 P.3d 294. "We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Casias Trucking*, 2014-NMCA-099, ¶ 20 (alteration, internal quotation marks, and citation omitted). "It is a fundamental function of a jury to determine damages" and "its verdict is presumed to be correct." *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 1999-NMSC-006, ¶ 16, 127 N.M. 1, 976 P.2d 1 (internal quotation marks and citation omitted).

**{3}**      Viewing the record in the light most favorable to the jury's findings, we determine that the verdict was supported by substantial evidence, and we explain.

**1.      Defamation**

**{4}**      Regarding defamation, Defendants assert that (1) Warner did not present evidence of publication by Davis; (2) Warner did not present evidence of actual damages such as lost educational, employment, business opportunities, or medical costs; and (3) Warner did not present evidence that Montgomery caused any damages.

**{5}**      "Generally, the elements of a defamation action include: a defamatory communication, published by the defendant, to a third person, of an asserted fact, of and concerning the plaintiff, and proximately causing actual injury to the plaintiff." *Newberry v. Allied Stores, Inc.*, 1989-NMSC-024, ¶ 16, 108 N.M. 424, 773 P.2d 1231. "In New Mexico, publication is defined as 'an intentional or negligent communication to

one other than the person defamed.'" *Hagebak v. Stone*, 2003-NMCA-007, ¶ 5, 133 N.M. 75, 61 P.3d 201 (internal quotation marks and citation omitted).

{6}     Evidence was presented that Montgomery posted the statements at issue under the Facebook handle for the business co-owned by both Defendants, that Davis accepted the statements, and Davis took no steps to have the posts removed despite knowing that they contained false information. While Montgomery, not Davis, made the posts, the jury could have found publication by Davis based on the posts originating from the business page co-owned by Defendants and Davis' agreement with the posts. Warner testified about how others questioned her about the posts and how they contributed to her feelings of fear that led her to move out of New Mexico. Warner also spoke to the ongoing emotional distress that she experienced due to the posts still being publicly available to view. Per the jury instructions, Warner was not required to show evidence of lost employment or other opportunities to receive damages for defamation, but rather "[h]arm to [her] good standing in the community . . . [p]ersonal humiliation . . . [m]ental anguish and suffering . . . [or] [h]arm to [her] [g]ood name and character among her friends, neighbors, and acquaintances." *See Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶ 21, 289 P.3d 1255 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (internal quotation marks and citation omitted)). We therefore hold that the jury's verdict on defamation was supported by substantial evidence.

## 2.     Intentional Infliction of Emotional Distress.

{7}     Regarding intentional infliction of emotional distress, Defendants argue that their conduct was not extreme and outrageous as a matter of law, arguing that the statements Montgomery posted were insulting but not beyond all possible bounds of decency. Defendants also argue that Warner's claimed distress was not severe.

{8}     "One of the requirements in a suit for intentional infliction of emotional distress is that the conduct of the defendant be extreme and outrageous." *Stieber v. Journal Pub. Co.*, 1995-NMCA-068, ¶ 15, 120 N.M. 270, 901 P.2d 201. "Extreme and outrageous conduct . . . is that which is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotation marks and citation omitted).

{9}     Evidence was presented that Montgomery posted that Warner was a juvenile felon and had committed perjury under a news story on a publicly available website, as well as on Defendants' business page without regard for the truth of those statements. Montgomery testified that she had documents addressing Warner's criminal record in her possession that reflected that Warner was not a juvenile felon prior to posting the statements. Davis testified that he understood that Warner was not a convicted felon, but that he had done nothing to have the posts removed and that he had accepted the statements as his own. Warner testified to the ongoing emotional distress she experienced due to the posts remaining publicly available. This evidence supports the jury's determination that both Defendants inflicted emotional distress on Warner. The

severity of Warner's distress is a question for the jury and to address it would require this Court to reweigh evidence, which we will not do. *See Casias Trucking*, 2014-NMCA-099, ¶ 20. We therefore hold that the jury's verdict on intentional infliction of emotional distress was supported by substantial evidence.

### 3.    Punitive Damages

**{10}**    Finally, Defendants argue that Warner was required to show actual malice in order to recover punitive damages. Defendants assert the award of punitive damages is, therefore, not supported by substantial evidence because Montgomery testified that she believed the statements she made were true and because Davis testified he did not act with malice.

**{11}**    "New Mexico law allows a plaintiff who establishes a cause of action in law to recover punitive damages as long as the wrongdoer's conduct is willful, wanton, malicious, reckless, oppressive, or fraudulent and in bad faith." *Bogle v. Summit Inv. Co.*, 2005-NMCA-024, ¶ 28, 137 N.M. 80, 107 P.3d 520. In defamation cases, punitive damages "are recoverable if there is proof that the publication was made with actual malice."[1] *Newberry*, 1989-NMSC-024, ¶ 19. Actual malice occurs in the defamation context when the publisher has knowledge of the falsity or the statement is made in reckless disregard for the truth. *Id.*

**{12}**    We first observe that the jury did not specify whether they awarded punitive damages for defamation or intentional infliction of emotional distress. Regardless, the evidence reflects that Defendants acted with actual malice. Montgomery had the opportunity to verify the information in the posts, but chose not to do so, demonstrating reckless disregard for the truth. When Davis became aware of the posts and their falsity, he did nothing to have them removed, similarly demonstrating a reckless disregard for the truth. We therefore hold that substantial evidence supports the jury's award of punitive damages.

**{13}**    While Defendants argue that the district court should have specifically given UJI 13-1011 NMRA, Defendants failed to preserve this issue. Defendants failed to request UJI 13-1011, or otherwise object to the punitive damages instruction. *See* Rule 1-051(I) NMRA; *see also Andrus v. Gas Co. of N.M.*, 1990-NMCA-049, ¶ 26, 110 N.M. 593, 798 P.2d 194 ("To preserve error in instructing the jury, the [defendant] was required to object or tender a correct instruction."). We therefore decline to consider this unpreserved argument further, and we hold that substantial evidence exists to support the jury's award of punitive damages.

### B.    Motion for Extension of Time to File a Cross-Appeal

---

[1]We observe that actual malice must be proven by clear and convincing evidence. *Newberry*, 1989-NMSC-024, ¶ 19. However, we are bound by the jury instructions given at trial. *See Muncey*, 2012-NMCA-120, ¶ 21 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (internal quotation marks and citation omitted)).

**{14}** Defendants argue that the district court erred by granting Warner's motion for an extension of time to file a notice of cross-appeal because Warner relied on a mistake made by defense counsel to justify the late filing. Warner responds that the district court ruled that Defendants' failure to follow the rules of civil and appellate procedure confused both Warner and the district court and that her motion was otherwise timely filed, thereby supporting a finding of excusable neglect on the part of Warner's counsel.

**{15}** The New Mexico Constitution mandates that "an aggrieved party shall have an absolute right to one appeal." N.M. Const. art. VI, § 2. "The courts must ensure that the procedural rules expedite rather than hinder this right." *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 9, 117 N.M. 273, 871 P.2d 369. "[O]nly the most unusual circumstances beyond the control of the parties . . . will warrant overlooking procedural defects such as an untimely notice of appeal." *Chavez v. U-Haul Co. of N.M., Inc.*, 1997-NMSC-051, ¶ 19, 124 N.M. 165, 947 P.2d 122 (internal quotation marks and citation omitted). We review the district court's decision to allow an untimely appeal for an abuse of discretion. *See id.* ¶ 26. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted).

**{16}** The district court found that Warner's motion for an extension of time was timely filed under Rule 12-201(E) NMRA, and that Rule 12-201(E)(3) allows for an extension of time based on excusable neglect or circumstances beyond the parties' control. The district court also found that Defendants failed to properly file and serve their notice of appeal on Warner and the district court, causing confusion to both Warner and the court. The district court therefore found that the record supported a finding of excusable neglect and granted Warner's motion for an extension of time.

**{17}** The district court's order reflects that it based its decision on the unique circumstances beyond Warner's control. We cannot say these unique circumstances do not justify granting Warner's motion, or that the district court's decision was contrary to the logic demanded by the circumstances. *See Benz*, 2013-NMCA-111, ¶ 11. We therefore hold that the district court did not abuse its discretion by allowing Warner to file a late notice of appeal. We now address Warner's cross-appeal regarding exclusion of evidence.

## II. Warner's Cross-Appeal

**{18}** Warner argues that the district court erred by not admitting Defendants' request for admission addressing sexual intercourse between Davis and Warner as an exhibit at trial. Warner contends that the request for admission establishes that Davis and Warner had sexual intercourse, or, at the least, constituted a prior inconsistent statement, which the jury should have been allowed to consider. Warner also argues the district court erred by not conclusively establishing the parties had sexual intercourse, pursuant to Rule 1-036(B) NMRA.

**{19}** Defendants respond that Warner did not seek to include the request for admission until the time of trial and after Defendants had sought to withdraw the request, and that it was within the district court's authority to enforce the pretrial order and not allow the request for admission to be offered as an exhibit. Defendants also argue that Warner was allowed to present testimony and evidence regarding the request for admission and was expressly allowed to read the request for admission and response into the record. Defendants contend that a request for admission itself is a tool to narrow the issues, not a discovery device, and that Warner's qualified response should not be considered conclusive.

**{20}** "With respect to the admission or exclusion of evidence, we . . . apply an abuse of discretion standard where the application of an evidentiary rule involves an exercise of discretion or judgment." *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 13, 146 N.M. 453, 212 P.3d 341. "[T]he complaining party on appeal must show the erroneous admission and exclusion of evidence was prejudicial in order to obtain a reversal." *Hourigan v. Cassidy*, 2001-NMCA-085, ¶ 21, 131 N.M. 141, 33 P.3d 891 (internal quotation marks and citation omitted).

**{21}** The district court allowed Warner to present testimony on the request for admission and read it into the record. Warner, therefore, cannot demonstrate that she was prejudiced by the district court's decision because the jury was able to consider the evidence during deliberations. Regarding Warner's contention that the pretrial order should have been amended to reflect that the issue of whether Davis engaged in sexual intercourse with Warner was conclusively established under Rule 1-036(B), Warner's request came after the final pretrial conference and the entry of the final pretrial order. "The order following a final pretrial conference shall be modified only to prevent manifest injustice." Rule 1-016(E) NMRA. Because the district court allowed Warner to present testimony on the response and read it into the record, we cannot say that manifest injustice occurred. We, therefore, hold that the district court did not abuse its discretion when denying Warner's request to enter the request for admission as an exhibit.

**CONCLUSION**

**{22}** For the foregoing reasons, we affirm.

**{23}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**